```
 1  Douglas S. Gilliland, Esq. (SBN: 157427)
    GILLILAND & BURGESS
 2  402 West Broadway, Suite 1760
    San Diego, California 92101
 3  TEL: (619) 231-4300  FAX: (619) 231-1599

 4  Attorneys for Plaintiff ARTURO FERNANDO ALCOCER ROMO
         and MARIA ANGEL FREGOSO LAMADRID
 5
```

## UNITED STATES DISTRICT COURT

## IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO FERNANDO ALCOCER ROMO, an individual, MARIA ANGEL FREGOSO LAMADRID, an indiviudal, <br><br> Plaintiffs, <br><br> v. <br><br> METROPOLITAN TRANSIT SYSTEM, a public entity, HERITAGE SECURITY SERVICES, a business entity, CHRIS MINER, an individual, BILL BUCK, an individual, DOES 1-10, inclusive, <br><br> Defendants. | CASE NO.: **'12CV2856 LAB JMA** <br><br> **COMPLAINT FOR:** <br><br> (1) **EXCESSIVE FORCE** (42 U.S.C. § 1983) <br><br> (2) **FALSE ARREST AND IMPRISONMENT** (42 U.S.C. § 1983) <br><br> (3) **FAILURE TO TRAIN AND SUPERVISE** (42 U.S.C. § 1983) <br><br> (4) **MONELL** (42 U.S.C. § 1983) <br><br> ***JURY TRIAL IS HEREBY DEMANDED*** |

**COMPLAINT**

COME NOW, Plaintiffs ARTURO FERNANDO ALCOCER ROMO and MARIA ANGEL FREGOSO LAMADRID, by and through their attorneys of record, GILLILAND & BURGESS, by Douglas S. Gilliland, Esq., and allege and complains as follows:

## I.
## JURISDICTION AND VENUE

1. This court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 2201 and 28 U.S.C. §§ 1346(b) and 2671-80. Venue is proper in the Southern District of California as the acts and omissions giving rise to liability occurred in the Southern District of California pursuant to 28 U.S.C. § 1402(b).

## II.
## GENERAL ALLEGATIONS

2. At all times relevant to this complaint, Plaintiffs ARTURO FERNANDO ALCOCER ROMO and MARIA ANGEL FREGOSO LAMADRID were individuals and citizens of the Republic of Mexico, residing in the Southern District of California, County of San Diego, California.

3. At all times relevant to this complaint, Defendant METROPOLITAN TRANSIT SYSTEM, was a public entity operating in the Southern District of California, County of San Diego, California, and was responsible for the operation of the San Diego Trolley and its security guards.

4. At all times relevant to this complaint, Defendant HERITAGE SECURITY SERVICES was a business entity doing business in the Southern District of California, County of San Diego, California and was providing security guards for the Defendant METROPOLITAN TRANSIT SYSTEM.

5. At all times relevant to this complaint, Defendant TRANSIT SYSTEMS SECURITY was a Delaware limited liability company and was a contract agency that provided security guards to Defendant METROPOLITAN TRANSIT SYSTEM.

6. At all times relevant to this complaint, Defendant CHRIS MINER was an individual residing in the Southern District of California, County of San Diego, California

and a security guard employed by Defendant METROPOLITAN TRANSIT SYSTEM, sometimes acting within the scope and duties of his employment with Defendant METROPOLITAN TRANSIT SYSTEM and sometimes acting outside the scope of that employment.

7. At all times relevant to this complaint, Defendant BILL BUCK was an individual residing in the Southern District of California, County of San Diego, California and a security guard employed by Defendant HERITAGE SECURITY SERVICES and/or Defendant TRANSIT SYSTEMS SECURITY, sometimes acting within the scope and duties of his employment with Defendant HERITAGE SECURITY SERVICES and sometimes acting outside the scope of that employment.

8. Plaintiff is truly ignorant of the true names and capacities of DOES 1 through 10, inclusive, and/or are truly ignorant of the facts giving rise to their liability and will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability.

### III.
### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 – Excessive Force
### [by Plaintiff ROMO Against Defendants MINER and BUCK]

Plaintiff hereby realleges all prior paragraphs of this Complaint and incorporates the same herein by reference as if those paragraphs were fully set forth in this cause of action.

9. On or about September 2, 2011, Plaintiff ARTURO FERNANDO ALCOCER ROMO (hereafter "ROMO"), was riding the San Diego Trolley with his wife MARIA ANGEL FREGOSO LAMADRID (hereafter "LAMADRID"). Mr. ROMO purchased his ticket for the trolley at the stop near their home. Ms. LAMADRID had a monthly pass.

10. Mr. ROMO and Ms. LAMADRID rode the trolley for one stop when they were approached by trolley security guard BUCK. BUCK asked them for their trolley tickets and MINER approached and asked for identification. ROMO and LAMADRID both produced

their Mexican identification cards and both BUCK and MINER ordered them off the trolley and told them to sit on a bench.

11. BUCK told plaintiffs he hoped they were "illegal" so they would be deported and that plaintiffs should go back to "TJ." Both security guards were openly hostile to plaintiffs because of their race. MINER and BUCK called plaintiffs a "piece of shit," "fucking Jew" and mocked Mr. ROMO's manner of dress and his shoes. Defendant MINER pulled out a ticket pad and told them they were getting a ticket for fare evasion. Mr. ROMO said, "Why don't you write down on the ticket the things you told us?" or words to that effect. MINER responded "Because we didn't say anything" or words to that effect. Mr. ROMO said he was going to record them with his phone. When he tried, BUCK punched Mr. ROMO in the head as Mr. ROMO sat on the bench next to his wife. BUCK and MINER then violently took Mr. ROMO down to the ground. While on the ground, BUCK and MINER pulled Mr. ROMO's arms behind his back and continued to beat Mr. ROMO and bend his arms behind his back. After beating Mr. ROMO in front of his wife, BUCK had a cut finger and said, "now I am going to get AIDS" or words to that effect and "now I smell like him" or words to that effect.

12. MINER then placed Mr. ROMO under arrest for resisting arrest.

13. The Fourth Amendment to the United States Constitution guarantees citizens and resident aliens the right to be secure in their persons against unreasonable searches and seizures which includes the right to be free from the use of excessive and unlawful force during an arrest. Defendants MINER and BUCK, acting under color of law, deprived Mr. ROMO of his rights under the Fourth Amendment to the United States Constitution to be free from the use of excessive and unlawful force by law enforcement. Defendants MINER and BUCK violated plaintiff's rights under the United States Constitution to be free from the use of excessive and unlawful force by engaging in the conduct pled herein, including, but not limited to striking Mr. ROMO for attempting to record the officers and using force when Mr. ROMO was posing no threat of force.

COMPLAINT

14. The conduct alleged herein violated Mr. ROMO's rights alleged above thereby resulting in a deprivation of his Fourth Amendment rights which has legally, proximately, foreseeably and actually caused plaintiffs to suffer serious physical and emotional injuries, pain and suffering, and further economic and non-economic damages according to proof at the time of trial.

15. The conduct alleged herein was malicious, oppressive and/or in the reckless disregard of Mr. ROMO's rights justifying the award of exemplary damages against these defendants in an amount according to proof at the time of trial in order to deter the defendants from engaging in similar conduct and to make an example by way of monetary punishment.

## IV.

## SECOND CAUSE OF ACTION

## 42 U.S.C. § 1983 – False Arrest and Imprisonment

**[by Plaintiffs ROMO and LAMADRID Against Defendants MINER and BUCK]**

Plaintiff hereby realleges all prior paragraphs of this Complaint and incorporates the same herein by reference as if those paragraphs were fully set forth in this cause of action.

16. The Fourth Amendment to the United States Constitution guarantees citizens and resident aliens the right to be secure in their persons against unreasonable searches and seizures which includes the right to be free from arrest, detention and false imprisonment without probable cause or reasonable suspicion.

17. Defendants MINER and BUCK, acting under color of law, deprived plaintiff ROMO of his rights under the Fourth Amendment to the United States Constitution to be free from false arrest by arresting Mr. ROMO without probable cause to believe a crime had been committed. Defendants MINER and BUCK arrested Mr. ROMO because they did not care for his race and for attempting to video their racist remarks and offensive behavior. Defendants MINER and BUCK violated plaintiff ROMO's rights under the United States Constitution to be free from false arrest by engaging in the conduct pled herein, including, but not limited to arresting Mr. ROMO for resisting or impeding a peace officer when Mr.

ROMO was not resisting and beating and arresting Mr. ROMO because they did not like him or his race.

18. Defendants MINER and BUCK, acting under color of law, deprived plaintiff LAMADRID of her rights under the Fourth Amendment to the United States Constitution to be free from wrongful detention and false imprisonment by detaining Ms. LAMADRID and preventing her from leaving without probable cause or reasonable suspicion to believe a crime had been committed. Said detention, arrest and imprisonment was done against Ms. LAMADRID's will and without her consent. Defendants MINER and BUCK detained Ms. LAMADRID because they did not care for her race and for her husband attempting to video their racist remarks and offensive behavior. Defendants MINER and BUCK violated plaintiff LAMADRID's rights under the United States Constitution to be free from false arrest, detention and false imprisonment by engaging in the conduct pled herein.

19. The conduct alleged herein violated plaintiffs rights alleged above thereby resulting in a deprivation of their Fourth Amendment rights which has legally, proximately, foreseeably and actually caused plaintiffs to suffer serious physical and emotional injuries, pain and suffering, and further economic and non-economic damages according to proof at the time of trial.

20. The conduct alleged herein was malicious, oppressive and/or in the reckless disregard of plaintiff's rights justifying the award of exemplary damages against these defendants in an amount according to proof at the time of trial in order to deter the defendants from engaging in similar conduct and to make an example by way of monetary punishment.

///
///
///
///
///
///

COMPLAINT

## V.

## THIRD CAUSE OF ACTION

## 42 U.S.C. § 1983 – Failure to Supervise or Train

## [by Plaintiffs Against Defendants METROPOLITAN TRANSIT SYSTEM, HERITAGE SECURITY SERVICES and TRANSIT SYSTEMS SECURITY and DOES 1-5]

Plaintiff hereby realleges all prior paragraphs of this Complaint and incorporates the same herein by reference as if those paragraphs were fully set forth in this cause of action.

21. The Fifth Amendment to the United States Constitution guarantees citizens and resident aliens the right to be free from injury caused by the failure to adequately supervise or train its law enforcement personnel. Defendants METROPOLITAN TRANSIT SYSTEM, HERITAGE SECURITY SERVICES and TRANSIT SYSTEMS SECURITY, their agents, servants and employees failed, as a matter of custom, practice and policy, to maintain adequate and proper training and supervision for security officers necessary to educate the officers as to the constitutional rights of arrestees and to prevent the use of excessive force, false arrest and racial tolerance. These defendants failed to provide adequate training and supervision to security officers that hold the power, authority, insignia, equipment and arms entrusted to them. Defendants failed to promulgate and enforce adequate policies and procedures related to police misconduct and the violation of citizens' civil rights by assault which amounted to a deliberate indifference to the rights guaranteed to persons with whom MINER and BUCK came into contact with resulting in the physical and emotional injuries to plaintiffs.

22. The conduct alleged herein violated plaintiffs rights alleged above thereby resulting in a deprivation of their Fifth Amendment rights which has legally, proximately, foreseeably and actually caused plaintiffs to suffer serious physical and emotional injuries, pain and suffering, and further non-economic damages according to proof at the time of trial.

## VI.

## FOURTH CAUSE OF ACTION

## 42 U.S.C. 1983 – Monell

**[by Plaintiffs Against Defendants METROPOLITAN TRANSIT SYSTEM, HERITAGE SECURITY SERVICES and TRANSIT SYSTEMS SECURITY and DOES 6-10]**

Plaintiff hereby realleges all prior paragraphs of this Complaint and incorporates the same herein by reference as if those paragraphs were fully set forth in this cause of action.

23. Defendants METROPOLITAN TRANSIT SYSTEM, HERITAGE SECURITY SERVICES and TRANSIT SYSTEMS SECURITY, as a matter of policy, custom and practice, in the exercise of their functions, was deliberately indifferent to the constitutional rights of the community in general and plaintiffs in particular by permitting a culture of excessive force, police brutality and false arrest to exist in the ranks of the officers and supervisors with conscious disregard for the dangers of harm and injury to the plaintiff and others similarly situated under the Fifth Amendment to the United States Constitution which permitted violations of Fourth Amendment rights to be free from unlawful searches and siezures.

24. Defendants METROPOLITAN TRANSIT SYSTEM, HERITAGE SECURITY SERVICES and TRANSIT SYSTEMS SECURITY, their supervisors and agents permitted their security officers to use racist language towards the citizens under their jurisdiction and boast of using excessive force in violation of the Fourth Amendment against citizens in their jurisdiction. The constitutional violations were condoned and resulted from a culture promoting the use of excessive force, including creating videos of their peace officers using force against citizens for the entertainment of their officers and glorifying situation in which officers use force thereby promoting the custom of using force when interacting with the public on fare infractions.

25. The policy, custom and practice of these defendants has caused the deprivation of constitutional rights of plaintiffs, including the right to be free from excessive force, false arrest and detention of plaintiffs.

26. The conduct alleged herein violated plaintiffs rights alleged above thereby resulting in a deprivation of their constitutional rights which has legally, proximately, foreseeably and actually caused plaintiffs to suffer serious physical and emotional injuries, pain and suffering, and further non-economic damages according to proof at the time of trial.

**PRAYER FOR DAMAGES**

1. General damages according to proof at the time of trial;
2. Special damages according to proof at the time of trial;
3. Any further declaratory relief as this Court deems just;
4. Costs of suit incurred herein and attorney fees and exemplary damages.

DATED: November 30, 2012       GILLILAND & BURGESS

By: _____
Douglas S. Gilliland, Esq., attorneys for Plaintiffs
ARTURO FERNANDO ALCOCER ROMO
and MARIA ANGEL FREGOSO LAMADRID

9

**COMPLAINT**