MILES D. SCULLY (SBN 135853)
KENNETH S. PERRI (SBN 153456)
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Defendant RICHMAN MANAGEMENT CORPORATION dba HERITAGE SECURITY SERVICES

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO FERNANDO ALCOCER ROMO, an individual, MARIA ANGEL FREGOSO LAMADRID, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>METROPOLITAN TRANSIT SYSTEM, a public entity, UNIVERSAL PROTECTION SERVICES, GP, INC., a California corporation and successor in interest to HERITAGE SECURITY SERVICES, a business entity, CHRIS MINER, an individual, BILL BUCK, an individual, DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: 12-CV-2856 LAB JMA<br><br>**ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Complaint filed: November 30, 2012<br>Trial date: |

COMES NOW Defendant HERITAGE SECURITY SERVICES (hereinafter referred to as "Defendant") severing itself from all other defendants, and in answer to the First Amended Complaint ("Complaint") of Plaintiffs ARTURO FERNANDO ALCOCER ROMO and MARIA ANGEL FREGOSO LAMADRID (hereinafter referred to as "Plaintiffs"), on file herein, and, as to each cause of action, denies each and every allegation of Plaintiffs' Complaint pursuant to California Code of Civil Procedure Section 431.30, and specifically deny that Plaintiffs have been damaged in any sum, or at all, by reason of any act or omission on the part of this answering Defendant.

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

- 1 -

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

This answering Defendant alleges that the Complaint, and the whole thereof, contains facts insufficient to state a claim upon which relief may be granted against this answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes, and upon said information and belief alleges that Plaintiffs failed to exercise reasonable care for their own protection against the type of damages and incidents alleges to have occurred in their Complaint, if any, which damages and incidents are denied by this answering Defendant.  If any such damage has occurred, it was proximately and legally caused in some proportion, up to and including the whole thereof, by the negligence of the Plaintiffs, and therefore any award against this answering Defendant, if any, must be reduced according to law and according to the principles of comparative fault.

## THIRD AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes, and upon said information and belief alleges that, if, in fact, Plaintiffs sustained any injury or damage of any nature whatsoever by anything done or omitted to be done by this answering Defendant (which supposition is not admitted, but is merely stated for the purpose of this defense) said injury and damage, if any, was proximately caused by the acts of persons other than this answering Defendant.

## FOURTH AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes, and upon said information and belief alleges that Plaintiffs failed to mitigate their damages, so as to bar and diminish any recovery by Plaintiffs.

/ / /

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

## FIFTH AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes, and upon said information and belief alleges that, without admitting any of the allegations of Plaintiffs' Complaint, if this answering Defendant is found liable at the time of trial, then this answering Defendant alleges that its fault was not the sole legal or proximate cause of the incidents upon which liability is based or damages awarded, if any, and that, accordingly, damages awarded, if any, must be apportioned according to the respective fault of all parties, persons or entities or their agents, servants and employees, who have contributed to or caused the alleged incidents or damages at the time of trial.

## SIXTH AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes, and upon said information and belief alleges that its liability, if any, for Plaintiffs' non-economic "general damages" is several only, and not joint, pursuant to California Civil Code Section 1431.2.

## SEVENTH AFFIRMATIVE DEFENSE

This answering Defendant alleges that it acted reasonably at all times, and that Defendant's actions were reasonable and prudent under the circumstances which existed at the time and place of the incident referred to in Plaintiffs' Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

This answering Defendant alleges that it acted reasonably to prevent injuries, and that Plaintiffs' injuries, if any, were not a result of any fault on the part of this answering Defendant.

## NINTH AFFIRMATIVE DEFENSE

This answering Defendant alleges that the Complaint and the whole thereof, fails to contain facts sufficient upon which to base any recovery for damages

- 3 -

pursuant to California Civil Code Sections 52 or 52.1.

## TENTH AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes, and upon said information and belief alleges that Plaintiffs have failed to exhaust any and all administrative remedies available to them prior to the filing of this Complaint, and therefore, are estopped from asserting any claim for relief as alleged in their Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

This answering Defendant alleges that the Complaint and the whole thereof fails to contain facts sufficient upon which to base any recovery for punitive/exemplary/statutory damages.

## TWELFTH AFFIRMATIVE DEFENSE

This answering Defendant alleges that Plaintiffs' Complaint, and to each claim thereof, this answering Defendant alleges that the Complaint and the whole thereof, fails to contain facts sufficient upon which to base a recovery for statutory damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

This answering Defendant alleges that the Complaint and the causes of action therein are barred by all applicable statutes of limitations, including, but not limited to California Civil Procedure Sections 337, 337.1, 337.15, 338, 339, 340 and 343.

## FOURTEETH AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes and thereon alleges that with respect to the matters alleged in the Complaint, Plaintiffs do not come into court with clean hands and are precluded from recovering on said Complaint by the doctrine of unclean hands.

/ / /

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA  92101

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

## FIFTEENTH AFFIRMATIVE DEFENSE

This answering Defendant is not legally responsible for any of the acts and/or omissions of any other defendants herein named and/or named as DOE defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes and thereon alleges that Plaintiffs have engaged in conduct and activities sufficient to constitute a waiver of any alleged negligence, strict liability, or any other conduct, if any, as set forth in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

This answering Defendant alleges that Plaintiffs knew or in the exercise of ordinary care should have known, of the risks and hazards involved in the undertaking in which they engaged but nevertheless, and with full knowledge, did fully and voluntarily consent to assume the risks and hazards involved in the undertaking and are therefore barred from recovery of damages herein.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that to the extent the amount of punitive damages sought is unconstitutionally excessive under the United States Constitution, it violates the Excessive Fines Clause of the Eighth Amendment, U.S. Const. amend. VIII, and the Due Process Clause of the Fourteenth Amendment, U.S. Const. amend XIV, section 1.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant alleges that at all times relevant herein, it acted in a reasonable manner and was acting in accordance with reasonable standards and practices applicable to it.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that there are no

factual bases for Plaintiffs' claim of recovery of attorneys' fees from this answering Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that the negligence, if any, of this answering Defendant was not a substantial factor in bringing about Plaintiffs' alleged injuries, and, therefore, was neither a contributing nor proximate cause of any injury or damage suffered by Plaintiffs.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant alleges that the acts complained of by Plaintiffs, if any, were provoked by Plaintiffs' unlawful and/or otherwise wrongful conduct.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs engaged in conduct and/or activities sufficient to invoke the doctrine of estoppel such that any conduct allegedly attributable to Defendant based on any cause of action or legal theory cannot be deemed to be a legal and/or proximate cause of any injuries complained of herein by Plaintiffs.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available for its benefit.  Defendant thereby reserves herein its right to assert additional affirmative defenses in the event discovery indicates that such affirmative defenses would be appropriate.

WHEREFORE, this answering Defendant prays for judgment as follows:

1.     That Plaintiffs take nothing by reason of their Complaint;

/ / /

/ / /

/ / /

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA  92101

- 6 -

2.    For such other and further relief as this Court deems just and proper.

Dated:  December 30, 2013          GORDON & REES LLP


                                   By: /s/ Kenneth S. Perri
                                       MILES D. SCULLY
                                       KENNETH S. PERRI
                                       Attorneys for Defendant RICHMAN
                                       MANAGEMENT CORPORATION
                                       dba HERITAGE SECURITY
                                       SERVICES

ANSWER TO PLAINTIFFS' FIRST AMENDEC COMPLAINT
**CASE NO.: 12-CV-2856 LAB JMA**

**Gordon & Rees LLP**
**101 West Broadway, Suite 2000**
**San Diego, CA 92101**

**Gordon & Rees LLP**
**101 West Broadway, Suite 2000**
**San Diego, CA 92101**

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon & Rees LLP 101 W. Broadway, Suite 2000, San Diego, CA  92101.  On December 30, 2013, I served the within documents:

## ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**Douglas S. Gilliland, Esq.**
Firm:  GILLILAND & BURGESS
Address:  402 W Broadway, Ste 1760
San Diego, CA  92101
Tel:  (619) 231-4300
Fax:  (619) 231-1599
dgilliland@sandiegotriallawyers.com
**Attorneys for Plaintiffs**

☒   **BY ELECTRONIC CASE FILING.**  I caused all of the pages of the above-entitled document(s) to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case.  The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on December 30, 2013 at San Diego, California.

                                    /s/ Lynda M. Conley

1091114/17536623v.1

- 8 -